Argued and submitted May 24, 1993, reversed and remanded May 25, 1994

Wallace L. PREBLE
and Associated Dealers Reserve, Inc.,
an Oregon corporation,
*Appellants,*

*v.*

SCHWABE, WILLIAMSON & WYATT,
an Oregon partnership,
*Respondent.*

(9104-02117; CA A76226)

875 P2d 526

Lori Irish Bauman argued the cause for appellants. With her on the briefs were Daniel H. Skerritt and Ater Wynne Hewitt Dodson & Skerritt.

Susan E. Watts argued the cause for respondent. With her on the brief were Garr M. King and Kennedy, King & Zimmer.

Before Rossman, Presiding Judge, and De Muniz and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiffs appeal from the judgment dismissing their claims for declaratory relief and legal malpractice. We reverse.

Defendant is a law firm, which represented Damerow Ford Company and its controlling shareholder, Francis, in 1977. That year, Francis sold stock in Damerow to plaintiff Preble, who became president and director of the corporation. Sometime after that, Preble and Damerow's Vice President and General Manager, Bradshaw, formed a new corporation, plaintiff Associated Dealers Reserve, Inc. (ADR). ADR was organized to participate in reinsurance investment opportunities arising from the sale of credit insurance to customers of Damerow. Preble and Bradshaw were the directors and officers of the new corporation. Throughout the process of forming the new corporation, defendant simultaneously represented Damerow, Francis and both plaintiffs.

In 1990, Damerow brought an action against Bradshaw, Preble and ADR, alleging, among other things, that their involvement in the reinsurance investment business exploited Damerow's corporate opportunities in violation of their fiduciary duties. The title of that case is *Damerow Ford Company v. Bradshaw*, Case No. 9002-00918 (*Damerow*). While that action was pending, plaintiffs filed this action in order to assert their right to recover expenses and liability in the *Damerow* action that they alleged were caused by defendant's negligence in, among other things, failing to inform them that defendant had a conflict of interest in representing all of the parties involved in the organization of ADR.

Before this case came to trial, the *Damerow* action was resolved in favor of Preble and ADR, and the trial court in that case awarded Preble and ADR their costs and attorney fees. Damerow appealed from that judgment in appellate case number CA A72817. Meanwhile, defendant moved for summary judgment on the legal malpractice claim on the ground that plaintiffs could not produce any evidence of damages. Defendant also moved to dismiss plaintiffs' declaratory judgment claim in this action on the ground that plaintiffs have not established a justiciable controversy, because they have

not suffered an injury. The trial court granted those motions and dismissed the action with prejudice.

■    Plaintiffs first assign error to the trial court's decision to grant defendant's motion for summary judgment. We will affirm only if defendant demonstrates that, viewing the record in the light most favorable to plaintiffs, there are no genuine issues of material fact and it is entitled to judgment as a matter of law. *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978).

■    Defendant argues that summary judgment on the malpractice claim was proper, because it demonstrated that plaintiffs have not suffered any damages as a matter of law. In support of its motion, defendant produced the trial court's judgment in *Damerow* and evidence that it had deposited into an escrow account sufficient funds to pay that judgment plus any additional costs and attorney fees, if the trial court's judgment in *Damerow* is affirmed on appeal. It argues that that evidence conclusively demonstrates that plaintiffs have suffered no injury.

In opposition to the motion for summary judgment, plaintiffs produced billing statements from their attorneys for work already completed in the *Damerow* case. Plaintiffs argue that that is evidence of present indebtedness—economic harm—that defendant allegedly caused by its negligent conduct. We agree. In order to establish that there is no material issue of fact about damages, defendant would have to produce evidence that *conclusively* demonstrates that plaintiffs do not owe or will never have to pay those bills. *See Seeborg v. General Motors Corporation, supra*, 284 Or at 699.

We express no opinion about defendant's belief that evidence of a third party's future payment of a plaintiff's current indebtedness can be sufficient to preclude trial of a defendant's liability for damages caused by its negligence. Even if it can, defendant's evidence in this case does not conclusively controvert plaintiffs' evidence for two reasons. First, plaintiffs' evidence shows that its litigation expenses exceeded the amount awarded to them in the *Damerow*

judgment. Defendant did not even allege, much less conclusively prove, that Damerow or anyone else will pay anything more than the judgment requires. Therefore, plaintiffs have produced evidence of unsatisfied indebtedness. Second, defendant's evidence shows only that Damerow will pay the amount of the judgment *if* it loses on appeal. There is no evidence that any of plaintiffs' damages will be extinguished if Damerow wins on appeal. Therefore, the trial court erred in granting the summary judgment on plaintiffs' malpractice claim.

Plaintiffs also assign error to the trial court's dismissal of their second claim for relief requesting a declaration that defendant was negligent and must pay all of plaintiffs' expenses related to the *Damerow* litigation. According to defendant, the trial court did not err, because plaintiffs' complaint does not allege a justiciable controversy. It asserts that plaintiffs' damages are "contingent on a future event which may or may not occur." That makes no sense. Plaintiffs' indebtedness exists now; the future event that may or may not occur is the payment of that indebtedness by Damerow.

Reversed and remanded.